UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN SPEARS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>EL DORADO COUNTY JAIL,<br><br>　　　　Respondent. | Case No.   2:21-cv-01769-JDP (HC)<br><br>ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIM UNDER SECTION 2254 AND GRANTING LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>ECF No. 1 |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  After reviewing the petition, I find that it cannot proceed under § 2254.  The claims made therein concern the conditions of petitioner's confinement and should be brought, if at all, in a section 1983 action.

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner's claims concern various issues related to the conditions of her confinement at the El Dorado County Jail.  She claims that the officers at that facility have retaliated against her, subjected her to sexual harassment, interfered with the delivery of her mail, and taken insufficient

precautions to limit the spread of Covid-19. ECF No. 1 at 2-6. Claims related to conditions of confinement, like these, should be brought in a section 1983 action. *See Nettles v. Grounds*, 830 F.3d 922, 929-35 (9th Cir. 2016) (en banc) (claims that would not necessarily lead to immediate or earlier release do not fall within the "core of habeas corpus" and may not be brought in a habeas proceeding). I will give petitioner an opportunity to amend and explain why her claims are suitable to proceed in this habeas action. Alternatively, she may elect to convert this case into a section 1983 action.

It is ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 7, is GRANTED.

2. Petitioner may file either an amended petition or a section 1983 complaint within thirty days of this order's entry. If she fails to do either, I will recommend that the current petition be dismissed for the reasons stated in this order.

3. The Clerk of Court is directed to send petitioner both a federal habeas form and a section 1983 form with this order.

IT IS SO ORDERED.

Dated:   March 8, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE